IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL L. SMITH, AIS # 240153,    :

    Plaintiff,    :

vs.    :    CIVIL ACTION 06-0666-WS-C

JEREMY ALFORD, et al.,    :

    Defendants.    :

## REPORT AND RECOMMENDATION

Plaintiff, a Monroe County Jail inmate proceeding *pro se,* filed a complaint under 42 U.S.C. § 1983.[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful consideration, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted.

## I. Complaint (Doc. 1).

Plaintiff names as defendants, Ronald Marshall, Deputy Sheriff of Monroe County, Alabama; Thomas Tate, Sheriff of Monroe County; and Jeremy Alford, officer with Monroe County Sheriff's Department. Plaintiff describes his claims against these

---

[1]After filing his motion to proceed without prepayment of fees (Doc. 2), plaintiff paid the $350 filing fee. (Doc. 5)

defendants as follows. Plaintiff alleges that he was sleeping when the defendants kicked his trailer door in and tased him, but some how he ended up outside. Even though he did not resist and had no gun, he was shot three times, once each in the chest, hand, and stomach, by defendant Marshall. Seeing that his chest was full of blood, plaintiff laid down on the ground and passed out in intense pain. Since September 22, 2006, he has been receiving mental health treatment as a result of this incident.

In less than twenty-four hours after the shooting, defendant Alford transported plaintiff with eight, "open flesh" wounds from USA Medical Center in Mobile in the back seat of the patrol car, without a seat belt, which caused plaintiff to be thrown from side to side and experience an excruciatingly painful ride on Sunday, August 1, 2004. Defendant Alford is alleged to be in a conspiracy[2] with defendant Tate and USA Medical Center, and would not allow plaintiff to speak to his family, friends, and mother.

Defendant Tate is alleged to have neglected "certain hospital requests," have denied plaintiff "proper medical treatment" for a severe infection, and have been responsible for plaintiff's treatment after the shooting and for the officers' actions. Plaintiff then states that he involved agents Benso and Darby to ensure that he got treated.

Plaintiff requests relief from incarceration, punitive damages, and damages for wrongful incarceration and for pain and suffering.

## II. Standards of Review Under 28 U.S.C. § 1915A(b)(1).

---

[2]Plaintiff used the word "corrospundent" which the Court liberally construes to be conspiracy.

2

Under 28 U.S.C. § 1915A(b)(1), the Court is required to review a complaint filed by a prisoner against a governmental official and to "dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"[3] This § 1915A review "applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP." *Martin v. Scott,* 156 F.3d 578, 579 (5th Cir.), *cert. denied,* 527 U.S. 1041 (1999). The present action is subject to review under § 1915A because plaintiff paid the $350 filing fee and was a prisoner when he filed this action.[4]

Under 28 U.S.C. § 1915A, a claim may be dismissed as "frivolous where it lacks

---

[3]Section 1915A(a) and (b)(1) provides:

(a) The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.

(b) On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

(1) is frivolous, malicious or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

[4]The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. §§ 1915A and 1915(e)(2)(B) in the Prison Litigation Reform Act of 1996 ("PLRA"), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered. *Leal v. Department of Corrections,* 254 F.3d 1276, 1279-80 (11th Cir. 2001); *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044 (2001); *Brown v. Bargery,* 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under the PLRA is now mandatory. *Bilal,* 251 F.3d at 1348-49.

3

an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right which clearly does not exist. *Id.* Moreover, a complaint may be dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984) (citation omitted); *see Leal v. Georgia Dept. Of Corrections,* 254 F.3d 1276, 1279 (11th Cir. 2001) (the standard for failing to state claim under § 1915A(b)(1) and § 1915(e)(2)(B)(ii) is the standard contained in Fed.R.Civ.P.12(b)(6)). Dismissal for failure to state a claim is also warranted when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint. *Jones v. Bock*, ___ U.S. ___, ___, 127 S.Ct. 910, 920-21 (2007).

**III. Discussion.**

The singular date with which plaintiff provides the Court is August 1, 2004, which is the date that he was released from USA Medical Center and was driven to the Monroe County Jail by defendant Alford. Plaintiff complains that his release was within twenty-four hours of being tased and shot by defendant Marshall. Once plaintiff was returned to the jail, defendant Tate as the sheriff who is charged by law with operating the jail had custody of him. However, the complaint commencing this § 1983 action was filed on October 13, 2006. (Doc. 1)

In Alabama the statute of limitations for filing a § 1983 action is two years. *Lufkin v. McCallum,* 956 F.2d 1104, 1106, 1108 (11th Cir.), *cert. denied,* 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l). The statute of limitations

> "'does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" . . . . Thus Section 1983 actions do not accrue until the plaintiff knows or has reason to know that he has been injured. . . . Nor will a Section 1983 action accrue until the plaintiff is aware or should have been aware who has inflicted the injury.

*Mullinax v. McElhenney,* 817 F.2d 711, 716 (11th Cir. 1987) (citations omitted).

In the present action, plaintiff knew of his claims against defendant Marshall when defendant Marshall tased and shot him, he knew of his claims against defendant Alford on August 1, 2004, and he knew of his claims against defendant Tate when he was denied the requested medical treatment. Nevertheless, plaintiff filed the present action on October 13, 2006 (Doc. 1), which is more than two years after his claims accrued against defendant Marshall and defendant Alford. The complaint's filing is also more than two years after the claims that accrued from August 1, 2004 to October 12, 2004 against defendant Tate. Accordingly, plaintiff's claims against defendants Marshall, Alford, and Tate that accrued before October 12, 2004 are barred by the two-year statute of limitations. For this reason, these claims are due to be dismissed for failure to state a claim upon which relief can be granted. *Bock,* ___ U.S. at ___, 127 S.Ct. at 920-21 (when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, a complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)

5

for failure to state a claim); *cf. Clark v. Georgia Pardons & Paroles Bd.,* 915 F.2d 636, 640 n.2 (11th Cir. 1990) (when an affirmative defense would defeat a claim, such as the statute of limitations, the claim may be dismissed as frivolous).

If there are claims against defendant Tate that accrued on or after October 13, 2004, then the statute of limitations would not be an obstical to those claims. Such claims are subject to dismissal on another basis. The claims against defendant Tate are pleaded very vaguely and conclusorily. *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984) (vague and conclusory allegations are subject to dismissal). That is, plaintiff alleges that defendant Tate neglected "certain hospital requests," denied plaintiff "proper medical treatment" for a severe infection, and was responsible for plaintiff's treatment after the shooting and for the officers' actions.

In order to state a medical claim under § 1983, "a prisoner must allege acts or omissions sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976). Plaintiff's allegations do not satisfy the *Estelle* standard. Neglecting hospital requests does not demonstrate a deliberate indifference nor a clearly serious medical need. And being denied proper medical treatment likewise does not evince a deliberate indifference. Furthermore, liability cannot be imposed against defendant Tate under § 1983 based on an employee's actions. *Monell v. Department of Social Services of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978) (holding that an employer cannot be held liable solely under the theory of *respondeat superior* for the acts of his employees). Therefore,

merely being responsible for the treatment of plaintiff and for his officers' actions. is an inadequate basis for a claim.

In a § 1983 action supervisory liability "must be based on something more than a theory of *respondeat superior*. Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Dolohite v. Maughon,* 74 F.3d 1027, 1052 (11th Cir.) (quotation omitted), *cert. denied, Dolohite v. King,* 519 U.S. 870 (1996); *see Post v. City of Fort Lauderdale,* 7 F.3d 1552, 1560-61 (11th Cir.), *modified on other grounds,* 14 F.3d 583 (11th Cir. 1994). Therefore, plaintiff's claims against defendant Tate that accrued on or after October 13, 2004 fail to state a claim upon which relief can be granted.

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this 4th day of June, 2007.

s/WILLIAM E. CASSADY
**UNITED STATES DISTRICT JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.      *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY  
UNITED STATES MAGISTRATE JUDGE

1